IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Carter, Jr., <br><br> Petitioner, <br><br> v. <br><br> Florence County Detention Center, <br><br> Defendant. | C/A No. 8:21-cv-02963-JFA-JDA <br><br><br> **ORDER** |

## I.    INTRODUCTION

Robert Lee Carter, Jr. ("Petitioner"), proceeding pro se, brings this habeas corpus action under 28 U.S.C. § 2241. Petitioner is a pretrial detainee at the Florence County Detention Center ("the Detention Center") and brings this action in forma pauperis under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the petition without prejudice and without requiring the respondent to file an answer or return. (ECF No. 17). The

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on October 28, 2021. (ECF No. 17). The Magistrate Judge required the parties to file objections by November 12, 2021. *Id.* Petitioner moved for an extension of time in which he also included his objections to the Report. (ECF No. 22). This Court grants the motion for Extension of Time.[2] Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus

---

[2] Although Petitioner files a motion for an extension of time to file his objections, it appears that his objections may be timely. *Houston v. Lack*, 487 U.S. 266 (1988).

2

requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Here, the Magistrate Judge found that Petitioner's complaint addressed

3

substantive claims in his pending State Court trial in the Court of General Sessions in Florence County, South Carolina. (ECF No. 17). The Magistrate Judge concluded that this Court was unable to exercise jurisdiction over the complaint under the *Younger* Abstention Doctrine and therefore the Court is authorized to dismiss the claim. *Younger v. Harris*, 401 U.S. 37 (1971). 28 U.S.C. § 1915 authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, Petitioner is a pretrial detainee at a local detention center facility, and he seeks release from his current detention on his pending criminal charges. (ECF No. 1). In certain situations, pretrial petitions for habeas corpus may be "properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Id.* at 226. Here, the Magistrate Judge found that Petitioner can raise his federal constitutional rights in the state court proceedings. (ECF No. 17). Petitioner's objections to the report are recitations of his complaint and do not address the Magistrate Judge's conclusion that a *Younger* Abstention is appropriate in this circumstance. (ECF No. 22). Because Petitioner has failed to show any error in the Report, his petition for relief under § 2241 must be denied as it is the improper avenue for challenging the conditions of his confinement.

A review of the Report indicates that the Magistrate Judge correctly concluded that this petition should be dismissed without prejudice because Petitioner's requested relief would require

this Court to interfere with or enjoin his pending state court proceedings and no extraordinary circumstances are present in this matter.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 17). Thus, petitioner's habeas petition is dismissed without prejudice and without requiring the respondent to file an answer or return.

IT IS SO ORDERED.

November 29, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge